**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:21-mj-00233-RMM-1** |
| | ) | |
| **CLAYTON RAY MULLINS,** | ) | |
| **Defendant.** | ) | |
| | ) | |

**DEFENDANT'S RESPONSE TO ECF No. 6**

Clayton Mullins is 52 years old, married for 20 years, a church treasurer, a business owner and a lifetime citizen of Kentucky with no criminal record.  He has no social media accounts and has not advocated violence against the Government.

Procedural Posture - On February 24, 2021, Mr. Mullins was arrested on a warrant in Kentucky based on the Complaint filed in this Court on February 13th.  Mr. Mullins had an initial appearance and was detained in the Western District of Kentucky (Paducah Division) on February 25th.  The following day, Magistrate Judge King held a detention hearing and agreed with the Pretrial Services Agency's recommendation that Mr. Mullins should be released with conditions (including $100,000 unsecured bond, home curfew with work release and location monitoring via GPS).   On the Government's motion, Judge King agreed to stay his release order until close of business on March 2nd.

1) The Government now seeks to extend this stay and appeal Judge King's release order. It simply cannot meet its burden to  show that Mr. Mullins is a serious flight risk *and* that there is a serious risk that he will obstruct or attempt to obstruct justice. 18 U.S.C. §§ 3142(f)(2).  The Government's effort to detain Mr.  Mullins by citing his lawful possession of a firearm while

driving his company vehicle is risible.  Under the Government's analysis, *any* felony defendant living outside Washington, DC is a serious flight risk.

To be clear, the alleged assault is the *only* basis to support the Government's efforts to detain Mr. Mullins.  Unlike others in the crowd, Mr. Mullins was not armed, not shielded in tactical gear and did not strike anyone.  He certainly did not use a

- Hockey Stick
- Flag Pole
- Crutches
- Police Shield
- Baseball Bat
- Walking Stick
- Metal Barrier
- Fists
- Shod Foot

like aggressive agitators used against Officers in the January 6th riot.

2) In fact, this video link from TMZ.com,

https://www.tmz.com/2021/01/22/capitol-rioter-dragging-cop-down-stairs-denied-bail-flee-country-suicide-attempt/ (TMZ)

shows Mr. Mullins in a defensive posture with a raised arm as he stood on the Capitol steps. (TMZ at 00:03 - 00:18).  He only acted when an agitator forced an Officer down at the top of the steps.  (TMZ at 00:20).

3) We respectfully submit that in this chaotic situation, pulling on the Officer's foot was consistent with Mr. Mullins trying to rescue that Officer from his assailant. He tugged the Officer towards the rail, not down the steps.  (TMZ at 00:21)  Mr. Mullins lowered his head, pulled for a few seconds, released his grip, then pulled again with his head still down until another Officer convinced Mr. Mullins it was okay to let go.  (TMZ at :42)  Then, right in front of Mr. Mullins, that second Officer gathered himself and stood up.  (TMZ at 00:42 - 01:00) Mr. Mullins did not fight that Officer or threaten him in any way.

4) This interpretation is supported by Mr. Mullins' instruction to Good Samaritans at the bottom of the steps to save a different Officer from the bedlam above https://www.nytimes.com/2021/01/11/us/capitol-mob-violence-police.html  (NYT - 7th video at the bottom; 0:02 - 0:07).  It should be noted that the other NYT videos capturing Mr. Mullins are edited and do not show the entire episode as does the TMZ.com video.

5) We also direct the Court's attention to the case of *United States v. Mark Jefferson Leffingwell* (Case No. 1:21-cr-00005-ABJ).  Mr. Leffingwell is likewise charged with assaulting an Officer but *inside* the Capitol building and allegedly used his fists to strike the Officer in his head and chest.  Mr. Leffingwell was released on January 8th by Magistrate Judge Harvey. Respectfully, this alleged conduct is more egregious than Mr. Mullins' acts outside the Capitol. In *United States v. Wilmar Jeovanny Montano Alvarado* (SDTX Case No. 4:21-mj-00207), the defendant allegedly engaged officers *inside* the Capitol building in a violent confrontation and was charged with assault.  Mr. Alvarado was released in the Southern District of Texas on January 29th.

6) Finally, we must note that Mr. Mullins is currently taking prescribed medicine for hypertension.  The Center for  Disease Control (CDC) has confirmed this condition might expose him to a risk of serious injury should he be infected by the virus.  *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.  During the Pandemic, this Court has released dozens of previously detained defendants due to their vulnerability to COVID-19.  And as the Court knows, Judge Kollar-Kotelly has found that the D.C. Jail facilities have not provided adequate care for pretrial detainees during the pandemic.  *Banks v. Booth*, No. 20-cv-849-CKK.  We beseech the Court not to put Mr. Mullins in further jeopardy by transporting and remanding  him to custody in this District.

Wherefore, we ask this Court to permit Judge King's release order to take effect.

Respectfully submitted,

_____/ s /_____
Pat Munroe Woodward, Jr., Esq.
D.C. Bar No. 436662
1783 Forest Drive, No. 330
Annapolis, MD  21401
Phone:  202-246-4679
Fax:  410-216-9812
patmwoodwardjr@gmail.com

4

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of March 2021, I electronically filed the foregoing

pleading with the Clerk of Court using the CM / ECF system, which will send an electronic

notification of such filing to all counsel of record.

_____/s/_____
Pat Munroe Woodward, Jr., Esq.
Counsel for Mr. Mullins