IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>CLAYTON RAY MULLINS, )<br>)<br>Defendant. )<br>_____ ) | Criminal No. 21-cr-00035-RC |

**MOTION TO SEVER COUNTS AND DEFENDANTS**

Defendant Clayton Ray Mullins, by and through undersigned counsel, respectfully moves this Honorable Court to sever his counts and case from Co-Defendants Jeffrey P. Sabol, Ronald Colton McAbee and Mason Joel Courson, pursuant to Federal Rules of Criminal Procedure 8(a)&(b), 12(b)(3)(B)(iv)&(D) and 14(a). The following information is respectfully submitted.

Clayton had no privilege or authority to be on the United States Capitol steps on January 6, 2021. But a justifiable trespassing count should not convict him for trying to help people in peril. Unlike Co-Defendant McAbee, he bore no battle armor. Clayton wore casual clothes and a mien of concern, not rage.

As an AUSA in DC during the 1990's, counsel papered and prosecuted hundreds of Assault on Police Officer (APO) cases. That experience engendered great respect for the women and men who risk their lives every day to protect us. Most APO defendants were enraged and /or drunk beyond all reason. On January 6th, Clayton Mullins was sober and somber. He tried to assist Roseanne Boyland who lay dying at the West Terrace Archway. A New York Times article shows Clayton just to the right of her friend Justin Winchell (bright blue coat) trying to help her.

www.nytimes.com/2021/01/15/us/rosanne-boyland-capitol-riot-death.html



Clayton also helped others in the crowd who were being trampled. Thirty seconds later, Clayton tried to help MPD Officer A.W. by pulling him away from Co-Defendants Sabol and McAbee who were beating him. The following timeline references videos from the body worn cameras (BWC) of MPD Officers A.W. and C.M. which use military time. These videos are covered by the Court's protective order. With the Government's kind assistance, they will be delivered directly to the Court.

    Officer A.W. BWC Video - 13 minutes and 31 seconds duration:

        16:25 - Officer A.W. reaches front line at Archway;

        16:26 - People are piled up;

        16:26:13 - Clayton renders aid to people on ground;

        16:26:23 - Another view of Clayton helping others;

        16:26:54 - Justin Winchel cries: "She's dead, she's dead!!"

        16:26:55 - Clayton still helping others;

        16:27:13 - Officer A.W. goes down;

        16:27:50 - Co-Defendant McAbee is fighting officers right on top of Officer A.W. and then falls on him;

        16:28:25 - Clayton is on other side of rail several feet away from Officer A.W.

        16:28:41 - Officer A.W. is back on his feet near Archway.

Officer A.W. was on the ground for less than 90 seconds and remained on the top steps near the Archway. Clayton did not pull Officer A.W. down the steps. He did not fight Officer A.W. He watched him get up and return to his fellow officers.

    Officer C.M. BWC Video - 18 minutes and 2 seconds duration:

        16:24 - Officer C.M. reaches front line at Archway;

16:24:57 - Justin Winchell screams repeatedly: "There are people crushed here!!"

16:25:44 - Mr. Winchell pleads: "Get her up, please save her life!!"

16:27:31 - Officer A.W. is on the ground and Clayton is 10 feet away;

16:27:34 - Clayton is at the rail;

16:27:36 - Clayton reaches over the rail; Officer A.W.'s head is off the ground *BEFORE* Clayton touches him and *BLOOD* is already visible on Officer A.W.'s back collar;

16:27:50 - Co-Defendant McAbee is fighting officers at the front line.

Co-Defendants Sabol and McAbee, who attacked Officer A.W. and threw him to the ground, caused Officer A.W. 's head wound. You can already see blood on Officer A.W.'s jacket collar upon Clayton's first encounter with him. Clayton never used any weapon so Officer A.W.'s injury is an unsustainable basis for the 18 U.S.C. § 111(b) charge against Clayton. As to Officer B.M., Clayton did not push him. He directed him to safety away from the maelstrom in the Archway. And Clayton certainly did not pull Officer B.M. down the Capitol steps

      A Washington Post article published March 10, 2021 captures the moment that Clayton tries to pull Officer A.W. away from Co-Defendant McAbee. Clayton's head is turned away because there is a rioter just above him swinging a hockey stick. That is why he could not see that another officer was trying to pull Officer A.W. into the Archway at the same time. Clayton released Officer A.W. when he realized that another officer was assisting him.

https://www.washingtonpost.com/local/legal-issues/police-assaults-capitol-riot-charges/2021/03/10/7b44ea2c-7b70-11eb-a976-c028a4215c78_story.html



This factual summary of the awful events of January 6th is submitted to support Clayton's contention from day one that he was trying to help, not hurt Officers A.W. and B.M. Count Nine of the Superseding Indictment filed on November 17, 2021 (ECF No. 145) focuses specifically on the timeline referenced above (4:27 p.m. to 4:29 p.m.). Clayton is charged with 18 U.S.C. § 111(a)(1) & (b) along with remaining Co-Defendants Sabol and McAbee. Count Eleven tracks the same timeline and joins him with Co-Defendant Courson in the alleged assault of Officer B.M. in violation of 18 U.S.C. § 111(a)(1).

Severance may be required in two situations - when the evidence is "far more damaging" than the evidence against the other, and when co-defendants rely on mutually contradictory defenses. *United States v. Tarantino*, 846 F.2d 1384, 1398-99 (D.C. Cir. 1988). When, as in this case, the evidence against one or more defendants is "far more damaging" than the evidence against another defendant, "the prejudicial spillover may have deprived a defendant of a fair trial." *Id.* at 1398. The danger is that the cumulation of evidence against another defendant "may lead the jury to be either confused or prejudiced in assessing the evidence against (a) particular defendant." *United States v. Butler*, 822 F.2d 1191, 1194 (D.C. Cir. 1987).

There is no evidence of collaboration that would justify this joinder of defendants. There is no conspiracy count and the mere proximity of defendants unknown to each other is insufficient to justify the joinder of counts and defendants in this case. *See United States v. Azor*, 881 F.3d 1, 10-11 (1st Cir. 2017) (joinder of defendants proper because evidence showed defendant's connections with other defendants charged with distribution conspiracy); and *United States v. Fazio*, 770 F.3d 160, 166 (2nd Cir. 2014) (joinder of defendants charged with racketeering and extortion proper because defendants all participated in organized crime).

We ask the Court to closely review the proffered BWC video evidence in its determination of this severance motion.  Given the unique circumstances of this case, Clayton Mullins has the right to present a defense of others case before this Court.  The overwhelming evidence facing his co-defendants necessitates a severance of defendants and counts to avoid undue prejudice.

Respectfully submitted,

_____/s/_____
Pat Munroe Woodward, Esq.,
D.C. Bar No. 436662
1783 Forest Drive, No. 330
Annapolis, MD  21401
Phone:  202-246-4679
Fax:  443-216-9812
patmwoodwardjr@gmail.com

### CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of August, 2023, I electronically filed the foregoing Motion and proposed Order with the Clerk of Court using the CM / ECF system, which will send an electronic notification of such filing to all counsel of record.

_____/s/_____
Pat Munroe Woodward, Esq.