**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CRIMINAL NO. 21-cr-35 (RC)** |
| **v.** | : | |
| | : | |
| **CLAYTON RAY MULLINS,** | : | |
| | : | |
| **Defendant.** | : | |

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO SEVER COUNTS AND DEFENDANTS

The defendant, Clayton Ray Mullins, filed his motion to sever counts and defendants on June 19, 2023. ECF No. 323. The Government hereby files its opposition.

As a baseline, the "weight of authority in this circuit and elsewhere regards Rule 8(b) as providing the sole standard for determining the permissibility of joinder of offenses" in cases with multiple defendants. *United States v. Wilson*, 26 F.3d 142, 153 n.4 (D.C. Cir. 1994) (citations omitted); *see also United States v. Perry*, 731 F.2d 985, 989 (D.C. Cir. 1984); *United States v. Jackson*, 562 F.2d 789, 793-94 (D.C. Cir. 1977). Rule 8(b) permits joinder of defendants "alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). This circuit construes Rule 8(b) broadly in favor of joinder. *See United States v. Nicely*, 922 F.2d 850, 853 (D.C. Cir. 1991) ("[T]his circuit's law makes it difficult to prevail on a claim that there has been a misjoinder under Rule 8(b)."). Mullins' objections to joinder are that his co-defendants are more culpable, and the government has cited no evidence of collaboration. ECF No. 323 at 6. Neither objection is accurate, and neither forms a valid basis for severance.

**1. Mullins Was Not Improperly Joined With His Co-Defendant.**

Beyond Mullins, the remaining defendant set for trial is Ronald Colton McAbee.[1] Mullins and McAbee are properly joined. They played significant roles in assaults on police officers – including the same officer -- at the same location, within the same two-minute time period.

Both defendants were involved in the assault of Metropolitan Police Department ("MPD") Officer A.W. in the vicinity of an archway (the "Archway") on the lower west terrace ("LWT") of the U.S. Capitol building between approximately 4:27 p.m. and 4:29 p.m. on January 6, 2021. *See* Third Superseding Indictment ("Indictment"), ECF No. 154, Count 9. Specifically, Officer A.W. was knocked to the ground in the Archway by codefendant Justin Jersey, and then had his baton snatched out of his hands by codefendant Sabol. As Officer A.W. lay on the ground, McAbee grabbed at Officer A.W.'s leg and torso and Mullins grabbed Officer A.W.'s other leg to pull Officer A.W. toward the crowd, while officers tried to pull Officer A.W. in the opposite direction, back into the Archway.

McAbee is charged for assaulting MPD Officer C.M., who stepped out of the Archway in an attempt to assist Officers A.W. and B.M. At that moment, McAbee stood upright and began shouting and swinging his arms at Officer C.M. *See* Indictment, ECF No. 154, Count 12. McAbee then turned back to Officer A.W., grabbed his torso, and continued pulling him out of the Archway. The two slid down a set of stairs and into the crowd together, with McAbee on top of Officer A.W.

[1] In his Motion, Mullins includes Defendants Mason Courson and Jeffrey Sabol. ECF No. 323 at 1. However, Courson pled guilty to Count 10 in the Third Superseding Indictment and was sentenced on June 16, 2023. The Government moved to dismiss the remaining counts against Courson on June 27, 2023. ECF No. 326. Sabol is set for a stipulated trial on August 18, 2023, *see* Minute Order, entered June 27, 2023, and is therefore not likely to join Mullins and McAbee at trial on September 25, 2023.

Separately, Mullins is charged for assaulting MPD Officer B.M. Officer B.M. was dragged out of the Archway and down the stairs by Whitton, Barnhart, and Sabol, and beaten by Courson and Stager, none of whom are expected to be defendants at trial. *See* Indictment, ECF No. 154, Count 10. As Officer B.M. tried to make his way back to the Archway, Mullins placed his hand on Officer B.M.'s head and shoved him back down the stairs into the crowd. *See* Indictment, ECF No. 154, Count 11. [2]

These assaults all occurred in quick succession between 4:27 pm to 4:29 p.m. on January 6, 2021, all within feet of each other near the Archway on the LWT of the U.S. Capitol. As such, the evidence against McAbee and Mullins overlaps almost entirely.

At trial, the Government intends to offer video footage of the assaults on Officers A.W., C.M. and B.M., including body-worn camera footage and videos taken by individuals present on the LWT. This footage depicts Mullins and McAbee, among others. The Government also anticipates offering the testimony of witnesses who were present during the assault and witnessed the actions of McAbee and Mullins. Here, there is not only "a logical relationship between the acts or transactions within the series," *United States v. Perry*, 731 F.2d 985, 990 (D.C. Cir. 1984), the evidence of the defendants' conduct is largely identical.

The same is true for the civil disorder count where both defendants are charged in Count 14, and the acts of physical violence in the Capitol grounds or buildings where both defendants are charged in Count 24. Finally, McAbee is charged in Counts 18 through 20, and Mullins in Counts 21 through 23. The counts parallel each other and involve violations of 18 USC §

[2] Not surprisingly, Mullins' version of what is depicted on video differs significantly from the Government's version. Mullins argues that he is solely depicted rendering aid and watching from the sidelines. *See* ECF No. 323 at 3-4. These factual disagreements are an issue for the jury to resolve at trial and need not be decided by the Court in the context of a severance motion.

1752(a)(1) (entering and remaining in a restricted building or grounds), 18 USC § 1752(a)(2) (disorderly and disruptive conduct in a restricted building or grounds), and 18 USC § 1752(a)(4) (engaging in physical violence in a restricted building or grounds). The sole difference between these counts is that McAbee is also charged with violating 18 USC § 1752(b)(1)(A) (with a deadly or dangerous weapon) on each count, because he wore reinforced gloves during these events. Much of the evidence regarding these offenses overlaps with the evidence regarding Counts 9, 11, 12, 14 and 24.

      Motions for severance of properly joined defendants should be granted only where the dominant public interest in joint trials is outweighed by substantial prejudice arising from case-specific problems. *See United States v. Tucker*, 12 F.4th 804, 824, (D.C. Cir. 2021) (*per curiam*) ("Joint trials are preferred in federal criminal cases because they 'promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.'" (quoting *Zafiro v. United States*, 506 U.S. 534, 537 (1993)). "The preference for joint trials is especially strong when the respective charges require presentation of much the same evidence, testimony of the same witnesses, and involve . . . defendants who are charged, inter alia, with participating in the same illegal acts." *Id*. (internal quotation marks and citation omitted). A severance here would be highly inefficient, requiring the Court to preside over two trials, at which nearly identical evidence would be presented. *See Zafiro*, 506 U.S. at 540 ("Rules 8(b) and 14 are designed 'to promote economy and efficiency and to avoid a multiplicity of trials, [so long as] these objectives can be achieved without substantial prejudice to the right of the defendants to a fair trial.'" (quoting *Bruton v. United States*, 391 U.S. 123, 131, n. 6 (1968), alterations in *Zafiro*); *United States v. Gibbs*, 904 F.2d 52, 56 (D.C. Cir. 1990) ("[T]his court . . . has repeatedly declared that joint trials may be preferred, given the heavy and increasing criminal case load in our criminal courts.").

Mullins has highlighted no case-specific problems that would substantially prejudice him and warrant severance.[3]

**II. Rule 14(A) Relief Is Not Appropriate As Mullins Is Not Unfairly Prejudiced By Joinder**

Mullins' identified prejudices are two-fold, first, that McAbee is more culpable and evidence against McAbee is "far more damaging;" and, second, that the government has shown no collaboration --"mere proximity of defendant unknown to each other is insufficient"-- and charged no conspiracy. *See* ECF No. 323 at 6.

Pursuant to Rule 14(a) of the Federal Rules of Criminal Procedure, "[i]f the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant . . . the court may . . . sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). The Supreme Court defines prejudice as "a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539. The D.C. Circuit has identified certain reasons why a defendant may be prejudiced by joinder, including: (1) the defendant's embarrassment or confoundment in presenting separate defenses, (2) the jury's possible use of the evidence of one of the crimes charged to infer a criminal disposition on the part of the defendant, from which he is found guilty of the other crime or crimes charged, or (3) the jury's possible accumulation of the evidence of various crimes charged to find guilt when, if considered separately, the jury would not so find. *Drew v. United States*, 331 F.2d 85, 88 (D.C. Cir. 1964).

[3] The Government expects that the trial would also involve the presentation of evidence regarding how each defendant was identified and any relevant statements made by each defendant. Presentation of that evidence will not be lengthy, and none of the statements implicate *Bruton*.

Even if prejudice is shown, the "permissive language of [Rule 14] makes clear that severance is not required." *Tucker*, 2021 WL 3950864, at *12. Instead, Rule 14 grants a district court "'significant flexibility to determine how to remedy any potential risk of prejudice posed by joinder of multiple defendants in a single trial.'" *Id.* (quoting *United States v. Moore*, 651 F.3d 30, 95 (D.C. Cir. 2011) (per curiam)). Thus, "even in cases where the risk of prejudice is high, 'less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice.'" *Id.* (quoting *Zafiro*, 506 U.S. at 539). "The defendant carries the burden of demonstrating prejudice resulting from a failure to sever." *United States v. Gooch*, 665 F.3d 1318, 1326 (D.C. Cir. 2012)

In light of these principles, "severance is the exception rather than the rule," and "motions to sever should be granted 'sparingly.'" *Tucker*, 2021 WL 3950864, at *12 (quoting *United States v. Celis*, 608 F.3d 818, 844 (D.C. Cir. 2010) (per curiam)). Here, there is no reason to apply the exception.

**a. There is minimal danger of spillover prejudice in this case, and any potential prejudice can be cured with jury instructions.**

Mullins argues that there is a serious risk of prejudice, because of an alleged disparity in evidence between himself and McAbee. ECF No. 323 at 6. Mullins provides few specifics. He alleges solely that McAbee wore "battle armor," whereas Mullins wore "casual clothes;" and that McAbee can be seen on body worn cameras "fighting officers," whereas Mullins is merely a bystander. ECF No. 323 at 1, 3-4. Mullins' argument fails for at least four reasons.

First, despite Mullins' assertion otherwise, there is no dramatic disparity of evidence between Mullins and McAbee. *See United States v. Slade*, 627 F.2d 293, 309 (D.C. Cir. 1980). Put simply, this is not a case where the government's evidence against McAbee is "far more

damaging" than the evidence against Mullins. *United States v. Bruner*, 657 F.2d 1278, 1290 (D.C. Cir. 1981) (internal quotation marks and citation omitted). As explained above, there is substantial overlap in the evidence against these defendants. The government's case involves the same evidence and same witnesses, because the defendants are charged with participating in the same series of illegal acts. The body-worn camera footage and open-source videos depict the defendants' actions against the officers at the Archway, as Mullins and McAbee assault the officers.

Second, because the defendants' words and actions are recorded on video, the jury has "'no need to look beyond each defendant's own words [and conduct] in order to convict.'" *United States v. Gaviria*, 116 F.3d 1498, 1533 (D.C. Cir. 1997) (per curiam) (quoting *United States v. Anderson*, 39 F.3d 331, 348 (D.C. Cir. 1994)). These videos thereby minimize the risk that the jury will not be able to compartmentalize the evidence against each defendant in this case. *See Celis*, 608 F.3d at 846 ("'[T]he danger of spillover prejudice is minimal when the Government presents tape recordings of individual defendants.'") (quoting *Gaviria*, 116 F.3d at 1533).

Third, there is minimal risk of jury confusion where only two defendants will be tried at the same time. *See Gaviria*, 116 F.3d at 1533 (no risk of prejudice with four charged defendants); *Anderson*, 39 F.3d at 348 (no risk of prejudice with ten charged defendants).

Finally, even assuming, *arguendo*, that there are some disparities in evidence between Mullins and McAbee, "any prejudice caused by joinder is best dealt with by instructions to the jury to give individual consideration to each defendant." *United States v. Moore*, 651 F.3d 30, 95 (D.C. Cir. 2011) (per curiam) (citation omitted). "*[S]ome* disparity in evidence does not compel severance," especially where the government presents "substantial and independent evidence of each defendant's significant involvement" in the charged conduct. *Id.* at 95-96 (emphasis added)

(quoting *United States v. Tarantino*, 846 F.2d 1384, 1399 (D.C. Cir. 1988)). Given the evidence of guilt against each defendant, a jury instruction which explains that each defendant's guilt must be considered individually based upon the evidence that pertains to him will cure any potential spillover prejudice. *United States v. Ford*, 155 F. Supp. 3d 60, 70 (D.C. Cir. 2016.)

**b. Alleged failure to present evidence of collaboration does not warrant severance.**

Citing the lack of a conspiracy count, Mullins concludes that the government has failed to show collaboration between the defendants. *See* ECF No. 323 at 6. This assertion is both factually and legally inaccurate. Even if not the result of a long-standing agreement, Mullins and McAbee no doubt worked together to pull Officer A.W. out of the Archway. Further, the government does not need to charge a conspiracy to present evidence of collaboration; and the government does not need to present evidence of collaboration to charge defendants jointly. Here, the facts as laid out above warrant the government charging McAbee and Mullins in the same substantive counts (9, 14, 24) and in separate counts from the same time and location involving the same behavior (11, 12, 18-23) in one charging document.

**c. Mullins' defense-of-others argument is not affected by joinder.**

In the last paragraph of his Motion, Mullins hints that his "right to present his defense of others" argument would be impeded by joinder with McAbee. ECF No. 323 at 7. Throughout the Motion, Mullins argues that he was only there to help. First, he notes that he attempted to care for a civilian, Roseanne Boylan, (ECF No. 323 at 1) and others "who were being trampled" (*Id*. at 2). He then argues that he "pulled away" Officer A.W. from McAbee and merely touched A.W. on the head (*Id*. at 3, 4), and that he tried to direct Officer B.M. to safety (*Id.* at 4). Mullins provides no details as to how this defense would be affected by the presence of co-defendant McAbee at

trial. Mullins' unsupported assertion is not included in the examples highlighted in *Drew, supra,* and does little to counter the strong preference for joint trials in the federal criminal system.

**CONCLUSION**

Mullins has not established any prejudice that would warrant severance at this juncture. The United States therefore requests that this Court deny his Motion.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By: *<u>/s/ Alexandra F. Foster</u>*
Alexandra F. Foster
D.C. Bar No. 470096

*<u>/s/ Benet J. Kearney</u>*
Benet J. Kearney
N.Y. Bar No. 4774048

Assistant United States Attorneys
601 D Street, N.W.
Washington, D.C. 20530
(619) 546-6735/(212) 637-2260
Alexandra.Foster@usdoj.gov/Benet.Kearney@usdoj.gov

**CERTIFICATE OF SERVICE**

I certify that a copy of the Government's Opposition to Defendant's Motion to Sever Counts and Defendants was served on all counsel of record via the Court's electronic filing service.

*/s/ Alexandra F. Foster*_________
ALEXANDRA F. FOSTER
Assistant United States Attorney

Date: July 3, 2023