IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 21-cr-00035-RC |
| ) | |
| CLAYTON RAY MULLINS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

### REPLY IN SUPPORT OF MOTION TO SEVER COUNTS AND DEFENDANTS

Defendant Clayton Mullins, by and through undersigned counsel, files this Reply in support of his Motion to Sever Counts and Defendants (ECF No. 323) and in respectful equipoise to the Government's Opposition (ECF No. 327).

As so often happens in life, the passage of time can resolve an issue or two. Recent case events have helped clarify our pending severance motion. Specifically, Co-Defendant Sabol and the Government have scheduled a Stipulated Bench Trial for August 18, 2023 (Minute Order on June 27, 2023). And Co-Defendant Courson's remaining counts (including Counts 11, 14 and 24 shared with Clayton Mullins) from the Third Superseding Indictment (ECF No. 145) were dismissed in his Judgment on July 5, 2023 (ECF No. 329).

Co-Defendant McAbee is now the sole focus of this Motion as are Counts 9, 14, and 24. Count Nine is the alleged assault against MPD Officer A.W. (18 U.S.C. § 111(a)(1) & (b)). Count Fourteen alleges Civil Disorder (18 U.S.C. § 231(a)(3)) and Count Twenty-Four involves an Act of Physical Violence in the Capitol Grounds or Buildings (40 U.S.C. § 5104(e)(2)(F)).

Counsel will give the Court access to the Body Worn Camera (BWC) videos via USAfx. A notice of availability will be filed pursuant to Local Criminal Rule 49(e)(1).

We respectfully direct the Court's attention to 48 seconds of video from 16:27:37 to 16:28:25.  Officer C.M.'s BWC video captures the moment Clayton first touches Officer A.W. at 16:27:37.  A blood stain is already visible on the back collar of Officer A.W.'s jacket.  Co-Defendant McAbee and others had just violently struck Officer A.W. and forced him to the ground.  Clayton instinctively reacted to this terrifying assault by trying to rescue Officer A.W.  At 16:27:50, Officer A.W.'s BWC video shows Co-Defendant McAbee fighting officers directly above and then he falls on Officer A.W.  And at 16:28:25, the same video places Clayton on the other side of a railing several feet away from Officer A.W.

Unlike Co-Defendant McAbee, girded with a ballistic vest and metal-knuckled gloves, Clayton did not dress for war and never used a weapon on January 6, 2021.  The blood stain on the back collar of Officer A.W.'s coat jacket proves that his head wound occurred *before* Clayton touched him.  So there is no proof that Clayton caused bodily injury to Officer A.W.  These two facts - no weapon and no injury - demonstrate prejudicial joinder on Count Nine.  There is simply no evidence to sustain a conviction for a violation of  18 U.S.C. § 111 (b).

One demurral to the Government's filing - our Motion did not claim that Clayton "merely touched A.W. on the head" (Govt. Opp., ECF No. 327 at 8).  As the BWC videos show, Clayton never touched Officer A.W. 's head nor inflicted any bodily injury.

Counts 14 and 24 also rely on these same unsupported allegations of violence.  By contrast, Officer McAbee is battle ready and fighting officers in the Archway.  It would be a grave injustice to join him with Clayton Mullins in *any* count because it falsely suggests an agreement between two men with contrary actions and opposite intent.

We pray the Court will carefully review this proffered evidence and sever the defendants and counts to avoid undue prejudice.

Respectfully submitted,

_____/s/_____
Pat Munroe Woodward, Esq.,
D.C. Bar No. 436662
1783 Forest Drive, No. 330
Annapolis, MD  21401
Phone:  202-246-4679
Fax:  443-216-9812
patmwoodwardjr@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of July, 2023, I electronically filed the foregoing Reply with the Clerk of Court using the CM / ECF system, which will send an electronic notification of such filing to all counsel of record.

_____/s/_____
Pat Munroe Woodward, Esq.
